**Som Nath CHITKARA, Plaintiff–Appellant,**

v.

**NEW YORK TELEPHONE COMPA-NY, and Nynex Corporation, Defendants–Appellees.**

**Docket No. 01–7274.**

United States Court of Appeals, Second Circuit.

Sept. 6, 2002.

Donald F. Schneider, Schneider, Goldstein & Bloomfield, LLP, New York, NY, for Plaintiff–Appellant.

Carla R. Walworth, Neil B. Stekloff, on the brief, Paul, Hastings, Janofsky & Walker, LLP, Stamford, Conn., for Defendants–Appellees.

Present CALABRESI, B.D. PARKER, Circuit Judges, and STEIN, District Judge.*

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the

---

* The Honorable Sidney H. Stein, United States District Court for the Southern District of New York, sitting by designation.

District Court be and it hereby is **AF-FIRMED**.

Plaintiff–Appellant Som Nath Chitkara ("Plaintiff") appeals from a decision of the district court (Johnson, *J.*) granting the defendants' Motion to Enforce the Parties' Settlement Agreement. We affirm the district court's decision for substantially the reasons it stated.

## BACKGROUND

In the 1993, Plaintiff filed Title VII and state-law discrimination and retaliation claims against his former employer, the New York Telephone Company, and its parent company, the NYNEX Corporation (collectively, "Defendants"). Not long afterwards he filed for bankruptcy. In 1998, the district court (Block, *J.*) dismissed most of Plaintiff's claims as time-barred, leaving only a single retaliation count.[1] Hoping to resolve this final claim, counsel for both sides applied to participate in a court-annexed mediation program. Their application was granted, and mediation took place on June 12, 2000. What came out of the mediation was a handwritten agreement, signed by both parties and their respective attorneys, indicating that Plaintiff would dismiss his claim with prejudice in return for $50,000. What took place during the mediation is hotly contested and not verifiable on the record before us.

The heart of the matter, on Plaintiff's account, is that after meeting privately with Defendants' counsel who, Plaintiff surmises, provided the mediator with a copy of Plaintiff's bankruptcy petition,[2] the mediator harangued the plaintiff into settling: "Mr. Chitkara, Come on! What are we doing here? You have no case! This case belongs to the trustees of the bankruptcy court." The mediator explained that the lawsuit was not listed on Chitkara's bankruptcy petition, and so if the case went to trial, any moneys recovered would go directly to creditors. The only way that Plaintiff would ever "see a dime," the mediator said, was if he "agreed to the mediated settlement then and there."

On the affidavit from Defendants' lawyer, however, the mediation was quite ordinary and, in any event, counsel for the defendants did not supply and could not have supplied the mediator with information about Plaintiff's bankruptcy because, at the time, counsel was unaware of it.

Within days of the mediation, Plaintiff learned from his bankruptcy attorney that his Title VII claim was in fact insulated from creditors of the bankruptcy estate. He promptly disavowed the settlement and cut ties with his Title VII attorney. Five months later, Defendants served a motion to enforce the settlement. Plaintiff responded by hiring a new attorney, who drafted and filed a Memorandum of Law in Opposition to the Motion to Enforce. This document advances but one legal argument, to wit, that the settlement agreement was voidable, pursuant to Restatement (Second) of Contracts § 164(2), because Plaintiff had justifiably relied on a fraudulent or material misrepresentation by the mediator. The court below granted Defendants' motion, holding that Plaintiff could not prevail even on his own version of the "facts," whereupon Plaintiff switched lawyers yet again and filed a motion for reconsideration. This motion advances a new theory of voidability and argues, in the alternative, that local mediation confidentiality rules preclude judicial enforcement of settlement agreements procured through court-annexed mediation unless the agreement has been memorialized in a standard-form stipulation and

---

1. In June of 1999, the case was transferred to the docket of Judge Johnson.

2. Defendants allegedly got hold of this document through discovery.

filed with the court. The motion for reconsideration was denied, and this appeal followed.

On appeal, Plaintiff contends that the district court erred in denying the motion for reconsideration. He also puts forth several contract-based theories of voidability, and further proposes that the settlement is "a nullity" due to procedural violations of mediation rules.

## DISCUSSION

In reviewing a district court's ruling on a motion for reconsideration, we apply an "abuse of discretion" standard, *see Devlin v. Transp. Communications Int'l. Union,* 175 F.3d 121, 131–32 (2d Cir.1999), which is "one of the most deferential standards of review," *In re Bolar Pharm. Co.,* 966 F.2d 731, 732 (2d Cir.1992) (per curiam). It is beyond question that the district court stayed well within the permissible range of discretion in denying the motion for reconsideration, as that motion pertained entirely to legal theories that Plaintiff had not earlier put before the court. *See Eisemann v. Greene,* 204 F.3d 393, 395 n. 2 (2d Cir.2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the court overlooked controlling decisions or factual matters that were put before it on the underlying motion." (citation and internal quotation marks omitted)). Plaintiff has no more right to have new theories heard on appeal than on reconsideration, and this is not one of those rare cases where we think it necessary to deviate from the usual policy to avoid a manifest injustice. *See Giordano v. City of New York,* 274 F.3d 740, 752 (2d Cir. 2001).

What remains, essentially, is Plaintiff's original contract-law claim, as he has elaborated it on appeal. But *justified reliance* is integral to his claim, *see* Restatement (Second) of Contracts § 164(2) (1981), and this he cannot show. The nature of mediation is such that a mediator's statement regarding the predicted litigation value of a claim, where that prediction is based on a fact that can readily be verified, cannot be relied on by a counseled litigant whose counsel is present at the time the statement is made. That is in essence what the district court held, and we therefore affirm.

We have considered Plaintiff's remaining contentions and adjudge them meritless. Accordingly, the trial court's ruling is AFFIRMED.